UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TREVOR BURNS,

                Petitioner,

     -against-

JOE CLINTON, SUPERINTENDENT,

                Respondent.

23-CV-9621 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

       Petitioner, currently incarcerated at Groveland Correctional Facility, brings this *pro se* petition, under 28 U.S.C. § 2254, challenging his 1997 conviction in the New York Supreme Court, New York County.[1] The Court transfers this action to the United States Court of Appeals for the Second Circuit for the reason set forth below.

       Petitioner seeks to challenge the legality of his 1997 state court conviction. The Court's records show that Petitioner filed a previous petition for a writ of *habeas corpus* under Section 2254 challenging the same conviction. *See Burns v. Ercole*, No. 08-CV-8624 (HB), 2011 WL 3962499, at *5 (S.D.N.Y. Sept. 8, 2011), *appeal dismissed,* No 11-2711 (2d Cir. Nov. 15, 2011). Because Petitioner's previous petition for a writ of *habeas corpus* under Section 2254 challenging the same conviction was decided on the merits, this application is a second or successive petition. *See Graham v. Costello*, 299 F.3d 129, 133 (2d Cir. 2002).[2]

---

[1] The conviction was upheld on direct appeal. *See People v. Burns*, 18 A.D.3d 397 157 A.D.3d 996 (1st Dep't May 31, 2005), *aff'd*, 6 N.Y.3d 793 (2006).

[2] In 2018, the Court of Appeals for the Second Circuit denied Burns permission to file a second or successive *habeas* petition. *Burns v. Ercole et al.*, No. 18-299 (2d Cir. Apr. 24, 2018).

Before a second or successive § 2254 *habeas* petition is filed in the district court, authorization from the appropriate court of appeals is required. 28 U.S.C. § 2244(b)(3)(A). Petitioner must therefore move in the United States Court of Appeals for the Second Circuit for permission to pursue this application.[3]

**CONCLUSION**

In the interest of justice, the petition is transferred to the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 1631; *see also Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996) (*per curiam*). This order closes this case. If the Court of Appeals authorizes Petitioner to proceed in this matter, he shall move to reopen this case under this civil docket number.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated:   November 2, 2023
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[3] Any motion to the Court of Appeals must show that: (A) the claim being raised by the petition "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or (B) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(i)-(ii).